FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.
AUG - 8 2018
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:18-00200 |
| v. | |
| OSCAR DELGADO FLORES<br>a/k/a "Flaco" | 18 U.S.C. § 2<br>18 U.S.C. § 924(c)(1)(A)<br>18 U.S.C. § 924(j)<br>18 U.S.C. § 1959(a)(1)<br>18 U.S.C. § 1959(a)(5) |
| LUIS COLINDRES<br>a/k/a "Listo"<br>a/k/a "Joe" | |

# INDICTMENT

## COUNT ONE

### (Murder in Aid of Racketeering)

THE GRAND JURY CHARGES:

### The MS-13 Enterprise

1. At all times relevant to this Indictment, in the Middle District of Tennessee, and elsewhere, **OSCAR DELGADO FLORES, a/k/a "Flaco,"** and **LUIS COLINDRES, a/k/a "Listo," a/k/a "Joe,"** were members of the violent international street gang Mara Salvatrucha, also known as "MS-13."

2. MS-13, including its leaders, members, and associates, constituted an enterprise, as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3. MS-13, through its leaders, members, and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts

involving murder, in violation of Tennessee state law; offenses involving drug trafficking, in violation of Title 21, United States Code, Sections 841 and 846; and acts indictable under 18 U.S.C. §§ 1512 and 1513 (relating to tampering or retaliation against a witness, victim, or informant).

### Purposes of the MS-13 Enterprise

4. The purposes of MS-13 included the following:

   a. Preserving and protecting the power, territory, reputation, and profits of the enterprise through the use of intimidation, threats of violence, and violence, including assaults and murder;

   b. Promoting and enhancing the enterprise and the activities of its leaders, members, and associates, including, but not limited to, murder, extortion, drug trafficking, and other criminal activities;

   c. Keeping victims, potential victims, and community members in fear of the enterprise through violence and threats of violence;

   d. Providing financial support and information to gang leaders, members, and associates, including individuals incarcerated in the United States and in El Salvador;

   e. Providing assistance to gang leaders, members, and associates who committed crimes on behalf of the enterprise; and

   f. Hindering, obstructing, and preventing law enforcement officers from identifying participants in the enterprise's criminal activity; from apprehending the perpetrators of those crimes; and from successfully prosecuting and punishing the offenders.

### Methods and Means of the MS-13 Enterprise

5. Among the methods and means by which leaders, members, and associates of MS-13 conducted and participated in the conduct of the affairs of the enterprise were the following:

a. Leaders, members, and associates of MS-13 used intimidation, threats of violence, and violence, including assaults and murder, to preserve, expand, and protect MS-13's territory and activities, to promote and enhance its prestige, reputation, and position in the community, and to discipline gang members who had been disloyal or had violated gang rules;

b. MS-13 leaders, members, and associates attended regular gang meetings to discuss, among other things: the structure and organization of the gang; past criminal acts committed against rival gang members and others; MS-13 leaders, members, and associates who had been arrested or incarcerated; disciplining MS-13 leaders, members, and associates who had violated gang rules; police interactions with MS-13 leaders, members, and associates; the identities of individuals suspected of cooperating with law enforcement, and proposed actions to be taken against them; and plans and agreements regarding the commission of future crimes, as well as ways to conceal these crimes;

c. MS-13 leaders, members, and associates financed the enterprise through a variety of activities, including the extortion of money – sometimes referred to as "rent" – from gang members and from legitimate and illegitimate businesses operating on the gang's turf;

d. MS-13 leaders, members, and associates distributed and agreed to distribute controlled substances on behalf of the gang; and

e. MS-13 leaders, members, and associates hindered and obstructed the efforts of law enforcement to identify, apprehend, and successfully prosecute and punish gang members.

## Murder in Aid of Racketeering

6. On or about September 24, 2017, within the Middle District of Tennessee, **OSCAR DELGADO FLORES**, a/k/a "Flaco," and **LUIS COLINDRES**, a/k/a "Listo," a/k/a "Joe," with others known and unknown, for the purpose of gaining entrance to and maintaining and increasing

3

position in MS-13, an enterprise engaged in racketeering activity, did intentionally murder Victim Y.H. and Victim H.Z., in violation of Tennessee Code Annotated, Sections 39-13-201, 39-13-202, and 39-13-210.

In violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT TWO

### (Conspiracy to Commit Murder in Aid of Racketeering)

THE GRAND JURY FURTHER CHARGES:

7. Paragraphs 1 through 5 of Count One of this Indictment are incorporated as if fully set forth herein.

8. On or about September 24, 2017, within the Middle District of Tennessee, **OSCAR DELGADO FLORES, a/k/a "Flaco,"** and **LUIS COLINDRES, a/k/a "Listo," a/k/a "Joe,"** with others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire and agree with others to murder Victim Y.H. and Victim H.Z., in violation of Tennessee Code Annotated, Sections 39-12-103, 39-13-201, 39-13-202, and 39-13-210..

In violation of Title 18, United States Code, Section 1959(a)(5).

## COUNT THREE

### (Witness Tampering)

THE GRAND JURY FURTHER CHARGES:

9. On or about September 24, 2017, within the Middle District of Tennessee, **OSCAR DELGADO FLORES, a/k/a "Flaco,"** and **LUIS COLINDRES, a/k/a "Listo," a/k/a "Joe,"** with others known and unknown, did knowingly kill Victim Y.H. by shooting Victim Y.H., with the intent to hinder, delay, and prevent the communication to a law enforcement officer of the United States of information relating to the commission and possible commission of a federal offense, including information about the murder of Victim H.Z.

In violation of Title 18, United States Code, Sections 1512(a)(1) and 2.

## COUNT FOUR

### (Use, Carry, and Discharge a Firearm During and In Relation to a Crime of Violence)

THE GRAND JURY FURTHER CHARGES:

10. On or about September 24, 2017, within the Middle District of Tennessee, **OSCAR DELGADO FLORES, a/k/a "Flaco,"** and **LUIS COLINDRES, a/k/a "Listo," a/k/a "Joe,"** with others known and unknown, did knowingly use, carry, and discharge a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: Murder in Aid of Racketeering, as set forth in Count One of this Indictment, in violation of 18 U.S.C. § 1959(a)(1) and Witness Tampering, as set for in Count Three of this Indictment, in violation of 18 U.S.C. § 1512(a)(1).

In violation of Title 18, United States Code, Sections 924(c) and 2.

## COUNT FIVE

### (Causing Death Through Use of a Firearm)

THE GRAND JURY FURTHER CHARGES:

11. On or about September 24, 2017, within the Middle District of Tennessee, **OSCAR DELGADO FLORES**, a/k/a "Flaco," and **LUIS COLINDRES**, a/k/a "Listo," a/k/a "Joe," with others known and unknown, in the course of a violation of Title 18, United States Code, Section 924(c), as alleged in Count Four of this Indictment, incorporated herein, and in the course of said offense, caused the death of Y.H. and H.Z. through the use of a firearm, and the killings constituted murder, as defined in Title 18, United States Code, Section 1111, in that the defendants did unlawfully kill Y.H. and H.Z. by shooting them and did aid, abet, and assist others in the commission of the offense..

In violation of Title 18, United States Code, Sections 924(j) and 2.

A TRUE BILL:



GRAND JURY FOREPERSON

DONALD Q. COCHRAN
UNITED STATES ATTORNEY


DAVID JAFFE
ACTING CHIEF, ORGANIZED CRIME AND GANG SECTION
U.S. DEPARTMENT OF JUSTICE

AHMED A. SAFEEULLAH
ASSISTANT UNITED STATES ATTORNEY

MATTHEW HOFF
TRIAL ATTORNEY, ORGANIZED CRIME AND GANG SECTION
U.S. DEPARTMENT OF JUSTICE

6