# IN THE UNITED STATES DISTRICT COURT FOR
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:18-cr-00200-2 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| LUIS COLINDRES | ) | |

## ORDER

At the request of Counsel for Defendant, the Court held a status conference on May 27, 2021, to discuss the trial in this case. The Court has also received several letters from Defendant sent directly to the Court, some of which are in Spanish. The Court believes the concerns raised in Defendant's most recent letter, (Doc. No. 135), were addressed during the hearing. However, the Court is unable to read filings in Spanish and encourages Defendant to make any necessary filings through Counsel.

During the hearing, Counsel for Defendant requested a continuance of the trial date to allow time to review recently disclosed discovery materials and prepare the case for trial. Defense Counsel stated Defendant did not agree to a continuance of the trial date and preferred that the trial begin as scheduled on June 29, 2021.

The Government confirmed that it recently provided additional discovery material and expected to provide additional discovery as soon as the materials are authorized for release. In addition, the Government stated that it intends to supersede the indictment to add additional charges related to the same events. The timing of a superseding indictment depends on the availability of a grand jury, likely in July or August 2021. The Government did not oppose continuing the trial date and noted that it would be more efficient to resolve the charges in a single trial.

After hearing from all parties, for the reasons stated on the record during the hearing, the Court **CONTINUED** the trial scheduled for June 29, 2021. Accordingly, the pretrial conference and all deadlines associated with the June 29, 2021, trial date are **CANCELLED**. The trial in this case is **CONTINUED** to November 2, 2021, at 9:00 a.m. The Court will hold a pretrial conference on October 25, 2021, at 11:00 a.m. All lawyers who will participate in the trial must attend the pretrial conference. Pretrial motions shall be filed by October 5, 2021.

The Court concludes that the period of delay occasioned by the granting of the continuance is reasonable and excludable under the Speedy Trial Act, 18 U.S.C. §§ 3161, *et seq.* For the reasons stated on the record during the May 27, 2021 hearing, the Court specifically finds that the interests of justice served by granting the continuance outweigh the interests of the public and Defendant in a speedy trial on the date previously scheduled. 18 U.S.C. § 3161(h)(7)(A),(B). Defendant is likely to be prejudiced if counsel is not adequately prepared for the trial despite due diligence, and the public interest will not be served if such prejudice ultimately requires this case to be retried. In addition, given the Government's intent to supersede the Indictment with additional charges related to the same underlying events, a continuance to allow all charges to be resolved in a single trial serves the interest of the parties and the public.

Any plea agreement shall be consummated on or before October 18, 2021, and the courtroom deputy so notified. If a plea agreement is submitted, the hearing to take the plea will take place on October 25, 2021, at 11:00 a.m. On or before October 19, 2021, the parties shall submit to chambers the proposed plea agreement, and a document that lists the elements of each offense to which Defendant is pleading guilty and the statutory penalty for each, including period of incarceration, fine, and the applicable period of supervised release, and Defendant shall submit a plea petition.

If the case is to be tried, the parties shall file the following on or before October 19, 2021:

1. An agreed set of case specific jury instructions, with citations to supporting authorities.

2. Alternative versions of jury instructions on which there is not an agreement, with citations to supporting authorities.

3. An agreed verdict form or alternative versions.

The parties shall email a Word version of all proposed instructions and verdict forms that are filed to ccampbellchambers@tnmd.uscourts.gov.

All notices under Federal Rule of Evidence 404(b) shall be provided by October 5, 2021. Motions in limine shall be filed on or before October 12, 2021, and responses shall be filed on or before October 19, 2021.

Any motion to continue the trial shall be filed by October 19, 2021, and any response shall be filed by October 22, 2021. All motions to continue shall be accompanied by a Waiver of Speedy Trial Rights executed by Defendant or shall contain an explanation of why such Waiver is not attached.

The parties are forewarned that motions filed after the deadlines set forth herein may not be considered by the Court. Counsel for the parties shall comply timely with the discovery and motion provisions of L.Cr.R. 12.01 and 16.01.

Defendant shall attend all court proceedings in this case. If a defendant is in custody, the Government shall take all necessary actions to secure the timely presence of the defendant at all court proceedings. Counsel for Defendant shall make sure street clothes are available timely for Defendant at trial.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE